**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| CRYOCATH TECHNOLOGIES, INC., | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 07-631-GMS |
| v. | ) | |
| | ) | |
| CRYOCOR, INC., | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

### STIPULATED ORDER PERMITTING AMENDED COMPLAINT

WHEREAS, on October 15, 2007, plaintiff CryoCath Technologies Inc (CryoCath) filed the present action against defendant CryoCor, Inc.;

WHEREAS, defendant requested and plaintiff agreed to extension of the time to file an Answer;

WHEREAS, defendant counterclaimed against plaintiff and plaintiff answered said counterclaims;

WHEREAS, the United States Patent Office issued to plaintiff U.S. Patent No. 7,318,821 on January 15, 2008 from an application identified in the original Complaint and CryoCath believes CryoCor infringes it based on the same allegations in the original Complaint;

WHEREAS, the United States Patent Office issued to plaintiff U.S. Patent No. 7,303,554 on December 4, 2007 and CryoCath believes CryoCor infringes it based on the same allegations in the original Complaint;

WHEREAS, defendant does not oppose the proposed amendment of the complaint to add a Count for infringement of the newly-issued patents; and

WHEREAS the parties have not yet conducted a Rule 26(f) conference nor held a scheduling conference with the Court, and amendment, if permitted by the Court, will not impact or delay the case schedule in any respect; now therefore,

IT IS HEREBY STIPULATED AND AGREED, subject to the approval and order of the Court, that CryoCath may amend its complaint to add a Count for infringement of its newly-issued patents in the form attached hereto at Tab 1.

ASHBY & GEDDES                          POTTER ANDERSON & CORROON LLP

*/s/ John G. Day*                        */s/ David E. Moore*
_____          _____
John G. Day (I.D. #2403)                 Richard L. Horwitz (I.D. #2246)
Lauren E. Maguire (I.D. #4261)           David E. Moore (I.D. #3983)
500 Delaware Avenue, 8th Floor           Hercules Plaza, 6th Floor
P.O. Box 1150                            1313 N. Market Street
Wilmington, Delaware  19899              Wilmington, DE  19801
302-654-1888                             302-984-6000

*Attorneys for Plaintiff*                 *Attorneys for Defendant*


SO ORDERED this _____ day of _____, 2008.


_____
Chief Judge

188366.1

TAB 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

CRYOCATH TECHNOLOGIES, INC.,       )
                                   )
                                   )
          Plaintiff,               )
                                   )          Civil Action No. 07-631-GMS
     v.                            )
                                   )
CRYOCOR, INC.,                     )          **JURY TRIAL DEMANDED**
                                   )
          Defendant.               )

### AMENDED COMPLAINT

Plaintiff CryoCath Technologies, Inc. files this Amended Complaint against defendant CryoCor, Inc. and alleges as follows:

#### Nature of Action

1.      This is an action for patent infringement under the Patent Laws of the United States, Title 35, United States Code, §§ 101 *et seq*.

#### Parties

2.      Plaintiff CryoCath Technologies, Inc. (CryoCath) is a corporation of the province of Quebec, Canada having its principal place of business at 16771 Chemin Ste-Marie, Kirkland, Quebec, H9H 5H3, Canada.

3.      On information and belief, defendant CryoCor, Inc. is a Delaware corporation having its principal place of business at 9717 Pacific Heights Boulevard, San Diego, California, 92121.

4.      On information and belief, defendant CryoCor is in the business of making and selling cryosurgical products, including a Cryo Console Model 2020 (and predecessor models, which are collectively the "accused devices") and catheters marketed as Models 1100 and 1200

series and under the name CryoBlators (which devices can be used with the accused devices) and related hardware and software, in the State of Delaware and throughout the United States.

5.     These accused devices infringe one or more claims of CryoCath's patents identified in this Complaint.  These patents cover console-based cryosurgical devices. Additional infringing devices may be identified during discovery.

6.     On information and belief, defendant CryoCor manufactures the accused devices at least in California and offers to sell and sells CryoCor-manufactured devices in the United States, including in Delaware, and internationally, including in the European Union.

7.     CryoCor's sales of U.S.-manufactured devices include sales through distributors in Italy and the United Kingdom.  The extent of infringing manufactured goods will be determined through discovery.

## Jurisdiction and Venue

8.     On information and belief, CryoCor is incorporated in this judicial district.

9.     On information and belief, CryoCor has regularly transacted and continues to regularly transact business, has regularly contracted and continues to regularly contract to make, sell, supply or finance cryosurgical products, and has regularly solicited and regularly continues to solicit business in this district.

10.    CryoCor is subject to general personal jurisdiction in this district.

11.    CryoCor is subject to specific personal jurisdiction in this district.

12.    This Court has jurisdiction under 28 U.S.C. §§ 1331, 1332 and 1338(a).

13.    Venue is proper under 28 U.S.C. §§ 1391(b), (c) and 1400(b).

## CryoCath's United States Patents

14.    On April 24, 2007, the United States Patent Office (PTO) issued United States Patent No.7,207,986 (the '986 patent), entitled "Cooling System" to Abboud. Ex. A.

15.    CryoCath owns the '986 patent.

16.    The '986 patent is valid.

17.    The '986 patent is enforceable.

18.    CryoCath makes, sells, and offers for sale devices covered by one or more claims of the '986 patent.

19.    On October 21, 2003, the PTO issued United States Patent No. 6,635,053 (the '053 patent), entitled "Cooling System" to Lalonde *et al.* Ex. B.

20.    CryoCath owns the '053 patent.

21.    The '053 patent is valid.

22.    The '053 patent is enforceable.

23.    CryoCath makes, sells, and offers for sale devices covered by one or more claims of the '053 patent.

24.    On July 15, 2003, the PTO issued United States Patent No. 6,592,577 (the '577 patent), entitled "Cooling System" to Abboud *et al.* Ex. C.

25.    CryoCath owns the '577 patent.

26.    The '577 patent is valid.

27.    The '577 patent is enforceable.

28.    CryoCath makes, sells, and offers for sale devices covered by one or more claims of the '577 patent.

29.     On May 3, 2005, the PTO issued United States Patent No. 6,887,234 (the '234 patent), entitled "Cryogenic Catheter System" to Abboud *et al.* Ex. D.

30.     CryoCath owns the '234 patent.

31.     The '234 patent is valid.

32.     The '234 patent is enforceable.

33.     CryoCath makes, sells, and offers for sale devices covered by one or more claims of the '234 patent.

34.     On June 8, 2004, the PTO issued United States Patent No. 6,746,445 (the '445 patent), entitled "Cryoablation Catheter Handle" to Abboud. Ex. E.

35.     CryoCath owns the '445 patent.

36.     The '445 patent is valid.

37.     The '445 patent is enforceable.

38.     CryoCath makes, sells, and offers for sale devices covered by one or more claims of the '445 patent.

39.     On May 27, 2003, the PTO issued United States Patent No. 6,569,158 (the '158 patent), entitled "Leak Detection System" to Abboud *et al.* Ex. F.

40.     CryoCath owns the '158 patent.

41.     The '158 patent is valid.

42.     The '158 patent is enforceable.

43.     CryoCath makes, sells, and offers for sale devices covered by one or more claims of the '158 patent.

44.     On January 15, 2008, the PTO issued United States Patent No. 7,318,821 (the '821 patent), entitled "Cooling System" to Lalonde *et al.* Ex. G.

45.     CryoCath owns the '821 patent.

46.     The '821 patent is valid.

47.     The '821 patent is enforceable.

48.     CryoCath makes, sells, and offers for sale devices covered by one or more claims of the '821 patent.

49.     On December 4, 2007, the PTO issued United States Patent No. 7,303,554 (the '554 patent), entitled "Closed Loop Catheter Coolant System" to Lalonde *et al.* Ex. H.

50.     CryoCath owns the '554 patent.

51.     The '554 patent is valid.

52.     The '554 patent is enforceable.

53.     CryoCath makes, sells, and offers for sale devices covered by one or more claims of the '554 patent.

**Relevant CryoCor Publications and Other Conduct**

54.     Prior to June 27, 2007, CryoCor prepared an "FDA Executive Summary" that describes some of the accused devices for a meeting of the Circulatory Systems Device Panel of the United States Food and Drug Administration (FDA) on the same date, the meeting concerning the CryoCor Cryoablation System. Ex. I.

55.     CryoCor also prepared and published a paper called "A Pivotal Clinical Study to Evaluate the Safety and Efficacy of the CryoCor™ Cardiac Cryoablation System for the Treatment of Cavo-Tricuspid Valve Isthmus-Dependent Atrial Flutter." Ex. J. This document describes some of the accused devices.

56.    CryoCor also prepared a document entitled "Draft: Summary of Safety and Effectiveness Data related to its regulatory submissions." Ex. K. This document describes some of the accused devices.

57.    CryoCor prepared instructions for using its accused devices, including CryoCor's "CryoCor™ Cardiac Cryoablation System Instructions for Use Manual." Ex. L (Revision B).

58.    CryoCor prepared another document with instructions for using its accused devices entitled "Instructions for Use CryoCor™ CryoBlator™ 10F Cryoablation Catheter Model 1205, 1207." Ex. M.

59.    On information and belief, CryoCor has prepared other instructions for using the accused devices.

60.    On or about June 27, 2007, CryoCor's then Chief Medical Officer, Helen S. Barold, M.D., M.P.H. presented a slide show called "CryoCor™ Cardiac Cryoablation System for the Treatment of Cavo-Tricuspid Valve Isthmus-Dependent Atrial Flutter." Ex. N. The slides depict some of the accused devices and describe methods for using them and results of those uses.

61.    CryoCor maintains a website at the domain cryocor.com. CryoCor is responsible for the content of the web pages at that domain and continues to be in control of the content since the domain was established. The web pages at that domain contain information about the accused devices and their use.

62.    On or about August 10, 2007, Edward F. Brennan, Ph. D. and Gregory J. Tibbitts, both officers of CryoCor, certified a Form 10-Q on behalf of CryoCor.

63.    In the Form 10-Q, CryoCor wrote it "would need to raise substantial additional capital to…defend, in litigation or otherwise, any claims that we infringe third party patents or

other intellectual property rights." See <http://files.shareholder.com/downloads/CRYO/ 171177917x0xS1193125%2D07%2D179097/1125294/filing.pdf> at 19 (visited October 2, 2007).

64.     In its December 2006 Form 10-K, CryoCor admitted it infringes certain of CryoCath's intellectual property, including intellectual property relating to "pre-cooling" – an aspect of the inventions claimed in one or more patents identified in this Complaint.

65.     On information and belief, CryoCor made other statements prior to December 2006 acknowledging this infringement.

66.     One or more of CryoCor's officers authorized each act of CryoCor alleged in this Complaint.

67.     One or more of CryoCor's officers authorized the preparation of each document cited in this Section.

68.     One or more of CryoCor's officers authorized the publication of each document cited in this Section.

### Count I – Infringement of CryoCath's U.S. Patent No. 7,207,986

69.     CryoCath incorporates paragraphs 1 to 68.

70.     Defendant CryoCor directly infringed and infringes one or more claims of the patent identified in this Count by making, using, offering to sell, or selling the accused devices in the United States.  CryoCor is liable to CryoCath for infringement under 35 U.S.C. § 271(a).

71.     CryoCor knows of the existence of the patent identified in this Count.

72.     Defendant CryoCor knows others infringe the patent identified in this Count by using a device covered by at least one claim of the patent.  CryoCor intentionally aids and abets

that infringement by at least making and selling one or more accused devices to those others for their infringing uses. CryoCor is liable to CryoCath for infringement under 35 U.S.C. § 271(b).

73.    Defendant CryoCor indirectly infringes by contributing to others' infringement of the patent identified in this Count by at least offering to sell or selling within the United States one or more components of a device or machine covered by the claims of the patent identified in this Count, which device or machine constitutes a material part of the invention of the patent, knowing the device or machine to be especially made or adapted for use in an infringement of the patent and not a staple article or commodity of commerce suitable for non-infringing use. CryoCor is liable to CryoCath for infringement under 35 U.S.C. § 271(c).

74.    CryoCor's infringement of the patent identified in this Count caused and will continue to cause irreparable injury to CryoCath for which there is no adequate remedy at law unless the acts complained of are enjoined by the Court.

75.    On information and belief, CryoCor lacks funds to make CryoCath whole for this infringement and will lack those funds even if it is permitted to sell its infringing products during the pendency of this litigation.  Thus, among CryoCath's irreparable harm would be CryoCor's continued sales without the ability to compensate CryoCath for CryoCor's infringement. Consequently, both preliminary and permanent injunctive relief are necessary and appropriate.

76.    The acts complained of here directly and proximately damaged and continues to damage CryoCath, making lost profits damages appropriate under 35 U.S.C. § 284.

77.    The acts complained of here directly and proximately damaged and continues to damage CryoCath, making reasonable royalties damages appropriate under 35 U.S.C. § 284.

### Count II – Infringement of CryoCath's U.S. Patent No. 6,635,053

78.    CryoCath incorporates paragraphs 1 to 68.

79.    Defendant CryoCor directly infringed and infringes one or more claims of the patent identified in this Count by making, using, offering to sell, or selling the accused devices in the United States.  CryoCor is liable to CryoCath for infringement under 35 U.S.C. § 271(a).

80.    CryoCor knows of the existence of the patent identified in this Count.

81.    Defendant CryoCor knows others infringe the patent identified in this Count by using a device covered by at least one claim of the patent.  CryoCor intentionally aids and abets that infringement by at least making and selling one or more accused devices to those others for their infringing uses. CryoCor is liable to CryoCath for infringement under 35 U.S.C. § 271(b).

82.    Defendant CryoCor indirectly infringes by contributing to others' infringement of the patent identified in this Count by at least offering to sell or selling within the United States one or more components of a device or machine covered by the claims of the patent identified in this Count, which device or machine constitutes a material part of the invention of the patent, knowing the device or machine to be especially made or adapted for use in an infringement of the patent and not a staple article or commodity of commerce suitable for non-infringing use. CryoCor is liable to CryoCath for infringement under 35 U.S.C. § 271(c).

83.    CryoCor's infringement of the patent identified in this Count caused and will continue to cause irreparable injury to CryoCath for which there is no adequate remedy at law unless the acts complained of are enjoined by the Court.

84.    On information and belief, CryoCor lacks funds to make CryoCath whole for this infringement and will lack those funds even if it is permitted to sell its infringing products during the pendency of this litigation.  Thus, among CryoCath's irreparable harm would be CryoCor's continued sales without the ability to compensate CryoCath for CryoCor's infringement. Consequently, both preliminary and permanent injunctive relief are necessary and appropriate.

85.     The acts complained of here directly and proximately damaged and continues to damage CryoCath, making lost profits damages appropriate under 35 U.S.C. § 284.

86.     The acts complained of here directly and proximately damaged and continues to damage CryoCath, making reasonable royalties damages appropriate under 35 U.S.C. § 284.

### Count III – Infringement of CryoCath's U.S. Patent No. 6,592,577

87.     CryoCath incorporates paragraphs 1 to 68.

88.     Defendant CryoCor directly infringed and infringes one or more claims of the patent identified in this Count by making, using, offering to sell, or selling the accused devices in the United States.  CryoCor is liable to CryoCath for infringement under 35 U.S.C. § 271(a).

89.     CryoCor knows of the existence of the patent identified in this Count.

90.     Defendant CryoCor knows others infringe the patent identified in this Count by using a device covered by at least one claim of the patent.  CryoCor intentionally aids and abets that infringement by at least making and selling one or more accused devices to those others for their infringing uses. CryoCor is liable to CryoCath for infringement under 35 U.S.C. § 271(b).

91.     Defendant CryoCor indirectly infringes by contributing to others' infringement of the patent identified in this Count by at least offering to sell or selling within the United States one or more components of a device or machine covered by the claims of the patent identified in this Count, which device or machine constitutes a material part of the invention of the patent, knowing the device or machine to be especially made or adapted for use in an infringement of the patent and not a staple article or commodity of commerce suitable for non-infringing use. CryoCor is liable to CryoCath for infringement under 35 U.S.C. § 271(c).

92.     CryoCor's infringement of the patent identified in this Count caused and will continue to cause irreparable injury to CryoCath for which there is no adequate remedy at law unless the acts complained of are enjoined by the Court.

93.     On information and belief, CryoCor lacks funds to make CryoCath whole for this infringement and will lack those funds even if it is permitted to sell its infringing products during the pendency of this litigation.  Thus, among CryoCath's irreparable harm would be CryoCor's continued sales without the ability to compensate CryoCath for CryoCor's infringement. Consequently, both preliminary and permanent injunctive relief are necessary and appropriate.

94.     The acts complained of here directly and proximately damaged and continues to damage CryoCath, making lost profits damages appropriate under 35 U.S.C. § 284.

95.     The acts complained of here directly and proximately damaged and continues to damage CryoCath, making reasonable royalties damages appropriate under 35 U.S.C. § 284.

## Count IV – Infringement of CryoCath's U.S. Patent No. 6,887,234

96.     CryoCath incorporates paragraphs 1 to 68.

97.     Defendant CryoCor directly infringed and infringes one or more claims of the patent identified in this Count by making, using, offering to sell, or selling the accused devices in the United States.  CryoCor is liable to CryoCath for infringement under 35 U.S.C. § 271(a).

98.     CryoCor knows of the existence of the patent identified in this Count.

99.     Defendant CryoCor knows others infringe the patent identified in this Count by using a device covered by at least one claim of the patent.  CryoCor intentionally aids and abets that infringement by at least making and selling one or more accused devices to those others for their infringing uses. CryoCor is liable to CryoCath for infringement under 35 U.S.C. § 271(b).

100.    Defendant CryoCor indirectly infringes by contributing to others' infringement of the patent identified in this Count by at least offering to sell or selling within the United States one or more components of a device or machine covered by the claims of the patent identified in this Count, which device or machine constitutes a material part of the invention of the patent, knowing the device or machine to be especially made or adapted for use in an infringement of the patent and not a staple article or commodity of commerce suitable for non-infringing use. CryoCor is liable to CryoCath for infringement under 35 U.S.C. § 271(c).

101.    CryoCor's infringement of the patent identified in this Count caused and will continue to cause irreparable injury to CryoCath for which there is no adequate remedy at law unless the acts complained of are enjoined by the Court.

102.    On information and belief, CryoCor lacks funds to make CryoCath whole for this infringement and will lack those funds even if it is permitted to sell its infringing products during the pendency of this litigation. Thus, among CryoCath's irreparable harm would be CryoCor's continued sales without the ability to compensate CryoCath for CryoCor's infringement. Consequently, both preliminary and permanent injunctive relief are necessary and appropriate.

103.    The acts complained of here directly and proximately damaged and continues to damage CryoCath, making lost profits damages appropriate under 35 U.S.C. § 284.

104.    The acts complained of here directly and proximately damaged and continues to damage CryoCath, making reasonable royalties damages appropriate under 35 U.S.C. § 284.

### Count V – Infringement of CryoCath's U.S. Patent No.6,746,445

105.    CryoCath incorporates paragraphs 1 to 68.

106.   Defendant CryoCor directly infringed and infringes one or more claims of the patent identified in this Count by making, using, offering to sell, or selling the accused devices in the United States.  CryoCor is liable to CryoCath for infringement under 35 U.S.C. § 271(a).

107.   CryoCor knows of the existence of the patent identified in this Count.

108.   Defendant CryoCor knows others infringe the patent identified in this Count by using a device covered by at least one claim of the patent.  CryoCor intentionally aids and abets that infringement by at least making and selling one or more accused devices to those others for their infringing uses. CryoCor is liable to CryoCath for infringement under 35 U.S.C. § 271(b).

109.   Defendant CryoCor indirectly infringes by contributing to others' infringement of the patent identified in this Count by at least offering to sell or selling within the United States one or more components of a device or machine covered by the claims of the patent identified in this Count, which device or machine constitutes a material part of the invention of the patent, knowing the device or machine to be especially made or adapted for use in an infringement of the patent and not a staple article or commodity of commerce suitable for non-infringing use. CryoCor is liable to CryoCath for infringement under 35 U.S.C. § 271(c).

110.   CryoCor's infringement of the patent identified in this Count caused and will continue to cause irreparable injury to CryoCath for which there is no adequate remedy at law unless the acts complained of are enjoined by the Court.

111.   On information and belief, CryoCor lacks funds to make CryoCath whole for this infringement and will lack those funds even if it is permitted to sell its infringing products during the pendency of this litigation.  Thus, among CryoCath's irreparable harm would be CryoCor's continued sales without the ability to compensate CryoCath for CryoCor's infringement. Consequently, both preliminary and permanent injunctive relief are necessary and appropriate.

112.    The acts complained of here directly and proximately damaged and continues to damage CryoCath, making lost profits damages appropriate under 35 U.S.C. § 284.

113.    The acts complained of here directly and proximately damaged and continues to damage CryoCath, making reasonable royalties damages appropriate under 35 U.S.C. § 284.

### Count VI – Infringement of CryoCath's U.S. Patent No. 6,569,158

114.    CryoCath incorporates paragraphs 1 to 68.

115.    Defendant CryoCor directly infringed and infringes one or more claims of the patent identified in this Count by making, using, offering to sell, or selling the accused devices in the United States.  CryoCor is liable to CryoCath for infringement under 35 U.S.C. § 271(a).

116.    CryoCor knows of the existence of the patent identified in this Count.

117.    Defendant CryoCor knows others infringe the patent identified in this Count by using a device covered by at least one claim of the patent.  CryoCor intentionally aids and abets that infringement by at least making and selling one or more accused devices to those others for their infringing uses. CryoCor is liable to CryoCath for infringement under 35 U.S.C. § 271(b).

118.    Defendant CryoCor indirectly infringes by contributing to others' infringement of the patent identified in this Count by at least offering to sell or selling within the United States one or more components of a device or machine covered by the claims of the patent identified in this Count, which device or machine constitutes a material part of the invention of the patent, knowing the device or machine to be especially made or adapted for use in an infringement of the patent and not a staple article or commodity of commerce suitable for non-infringing use. CryoCor is liable to CryoCath for infringement under 35 U.S.C. § 271(c).

119.    CryoCor's infringement of the patent identified in this Count caused and will continue to cause irreparable injury to CryoCath for which there is no adequate remedy at law unless the acts complained of are enjoined by the Court.

120.    On information and belief, CryoCor lacks funds to make CryoCath whole for this infringement and will lack those funds even if it is permitted to sell its infringing products during the pendency of this litigation.  Thus, among CryoCath's irreparable harm would be CryoCor's continued sales without the ability to compensate CryoCath for CryoCor's infringement.  Consequently, both preliminary and permanent injunctive relief are necessary and appropriate.

121.    The acts complained of here directly and proximately damaged and continues to damage CryoCath, making lost profits damages appropriate under 35 U.S.C. § 284.

122.    The acts complained of here directly and proximately damaged and continues to damage CryoCath, making reasonable royalties damages appropriate under 35 U.S.C. § 284.

### Count VII – Infringement of CryoCath's U.S. Patent No. 7,318,821

123.    CryoCath incorporates paragraphs 1 to 68.

124.    Defendant CryoCor directly infringed and infringes one or more claims of the patent identified in this Count by making, using, offering to sell, or selling the accused devices in the United States.  CryoCor is liable to CryoCath for infringement under 35 U.S.C. § 271(a).

125.    CryoCor knows of the existence of the patent identified in this Count.

126.    Defendant CryoCor knows others infringe the patent identified in this Count by using a device covered by at least one claim of the patent.  CryoCor intentionally aids and abets that infringement by at least making and selling one or more accused devices to those others for their infringing uses. CryoCor is liable to CryoCath for infringement under 35 U.S.C. § 271(b).

127.    Defendant CryoCor indirectly infringes by contributing to others' infringement of the patent identified in this Count by at least offering to sell or selling within the United States one or more components of a device or machine covered by the claims of the patent identified in this Count, which device or machine constitutes a material part of the invention of the patent, knowing the device or machine to be especially made or adapted for use in an infringement of the patent and not a staple article or commodity of commerce suitable for non-infringing use. CryoCor is liable to CryoCath for infringement under 35 U.S.C. § 271(c).

128.    CryoCor's infringement of the patent identified in this Count caused and will continue to cause irreparable injury to CryoCath for which there is no adequate remedy at law unless the acts complained of are enjoined by the Court.

129.    On information and belief, CryoCor lacks funds to make CryoCath whole for this infringement and will lack those funds even if it is permitted to sell its infringing products during the pendency of this litigation.  Thus, among CryoCath's irreparable harm would be CryoCor's continued sales without the ability to compensate CryoCath for CryoCor's infringement. Consequently, both preliminary and permanent injunctive relief are necessary and appropriate.

130.    The acts complained of here directly and proximately damaged and continues to damage CryoCath, making lost profits damages appropriate under 35 U.S.C. § 284.

131.    The acts complained of here directly and proximately damaged and continues to damage CryoCath, making reasonable royalties damages appropriate under 35 U.S.C. § 284.

### Count VIII – Infringement of CryoCath's U.S. Patent No. 7,303,554

132.    CryoCath incorporates paragraphs 1 to 68.

133.    Defendant CryoCor directly infringed and infringes one or more claims of the patent identified in this Count by making, using, offering to sell, or selling the accused devices in the United States.  CryoCor is liable to CryoCath for infringement under 35 U.S.C. § 271(a).

134.    CryoCor knows of the existence of the patent identified in this Count.

135.    Defendant CryoCor knows others infringe the patent identified in this Count by using a device covered by at least one claim of the patent.  CryoCor intentionally aids and abets that infringement by at least making and selling one or more accused devices to those others for their infringing uses. CryoCor is liable to CryoCath for infringement under 35 U.S.C. § 271(b).

136.    Defendant CryoCor indirectly infringes by contributing to others' infringement of the patent identified in this Count by at least offering to sell or selling within the United States one or more components of a device or machine covered by the claims of the patent identified in this Count, which device or machine constitutes a material part of the invention of the patent, knowing the device or machine to be especially made or adapted for use in an infringement of the patent and not a staple article or commodity of commerce suitable for non-infringing use. CryoCor is liable to CryoCath for infringement under 35 U.S.C. § 271(c).

137.    CryoCor's infringement of the patent identified in this Count caused and will continue to cause irreparable injury to CryoCath for which there is no adequate remedy at law unless the acts complained of are enjoined by the Court.

138.    On information and belief, CryoCor lacks funds to make CryoCath whole for this infringement and will lack those funds even if it is permitted to sell its infringing products during the pendency of this litigation.  Thus, among CryoCath's irreparable harm would be CryoCor's continued sales without the ability to compensate CryoCath for CryoCor's infringement. Consequently, both preliminary and permanent injunctive relief are necessary and appropriate.

139.    The acts complained of here directly and proximately damaged and continues to damage CryoCath, making lost profits damages appropriate under 35 U.S.C. § 284.

140.    The acts complained of here directly and proximately damaged and continues to damage CryoCath, making reasonable royalties damages appropriate under 35 U.S.C. § 284.

### Count IX – Willful Patent Infringement

141.    CryoCath incorporates paragraphs 1 to 126.

142.    On information and belief, CryoCor admitted infringing certain of CryoCath's patents relating to primary and pre-cooling systems at least as early as December 2006, for example in its 2006 Form 10-K and its August 2007 Form 10-Q.

143.    Certain of CryoCath's patents identified in this Complaint cover primary and pre-cooling systems and issued prior to December 2006.

144.    Publicly available information does reveal and discovery will further reveal CryoCor intentionally infringed CryoCath's patents identified in this Complaint earlier than December 2006.

145.    CryoCor intended to infringe CryoCath's patents at least as stated in its December 2006 Form 10-K and August 2007 Form 10-Q.

146.    CryoCor's intentional infringement makes it liable under 35 U.S.C. §§ 284-285 to CryoCor for willful infringement of one or more patents that are the subject of Counts I to VI.

147.    CryoCor intended both for direct and indirect infringement to result from its acts, making it liable for willful direct and indirect infringement.

### JURY TRIAL

148.    CryoCath requests a jury trial as to all issues so triable.

## PRAYER FOR RELIEF

CryoCath respectfully requests this Court enter judgment in favor of CryoCath and against CryoCor including an Order granting CryoCath the following relief:

A.      Entry of a preliminary injunction under 35 U.S.C. § 283, enjoining CryoCor, its officers, agents, servants, and employees, and those persons acting in active concert or participation with any of them, from infringing, either directly (by using, making, selling, offering to sell or importing) or indirectly (by inducement or contribution) each of CryoCath's patents identified in this Complaint;

B.      Entry of a permanent injunction under 35 U.S.C. § 283, enjoining CryoCor, its officers, agents, servants, and employees, and those persons acting in active concert or participation with any of them, from infringing, either directly (by using, making, selling, offering to sell or importing) or indirectly (by inducement or contribution) each of CryoCath's patents identified in this Complaint;

C.      An award of damages under 35 U.S.C. § 284 sufficient to compensate CryoCath for CryoCor's infringement of each of CryoCath's patents identified in this Complaint, the award in an amount not less than a reasonable royalty;

D.      An award of prejudgment interest under 35 U.S.C. § 284;

E.      An award of postjudgment interest under 35 U.S.C. § 284;

F.      A declaration that this case is exceptional under 35 U.S.C. § 285 at least because CryoCor willfully infringed one or more of CryoCath's patents identified in this Complaint;

G.      An award of increased damages under 35 U.S.C. § 285 of three times the amount of the damages found by the jury or assessed by this Court to compensate CryoCath for CryoCor's willful infringement;

H.    A postjudgment equitable accounting of damages for the period of infringement of each of CryoCath's patents identified in this Complaint following the period of damages established at trial;

I.    An award of CryoCath's costs of suit, including reasonable attorneys' fees, under 35 U.S.C. §§ 284 and 285;

J.    An Order that CryoCor's officers are vicariously liable for CryoCor's infringement, indirect infringement and willful infringement; and

K.    Such further relief as this Court deems appropriate.

ASHBY & GEDDES

/s/ *John G. Day*

John G. Day (I.D. # 2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888

*Attorneys for Plaintiff*
*CryoCath Technologies, Inc.*

*Of Counsel:*

Jason R. Buratti
Jeffery L. Kamenetsky
Joseph R. Englander
Christopher & Weisberg, P.A.
200 East Las Olas Boulevard
Suite 2040
Fort Lauderdale, Florida 33301
(954) 828-1488

Dated: February 25, 2008
188367.1