IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CRYOCATH TECHNOLOGIES, INC.,  )
            )
   Plaintiff,     )
            )  C.A. No. 07-631-GMS
   v.       )
            )  **JURY TRIAL DEMANDED**
CRYOCOR, INC.,      )
            )
   Defendant.    )

## ANSWER TO AMENDED COMPLAINT

   Defendant CryoCor, Inc. (CryoCor) answers the amended complaint of Plaintiff CryoCath Technologies, Inc. (CryoCath), asserts defenses and counterclaims as follows:

   1.  CryoCor admits that this action arises under the patent laws of the United States.

### The Parties

   2.  On information and belief, CryoCor admits the allegations of paragraph 2.

   3.  CryoCor admits the allegations of paragraph 3.

   4.  CryoCor admits that it makes and sells cryosurgical products, including Model 1200 catheters under the name CryoBlators and a Cryo Console Model 2020. CryoCor also admits selling Model 1200 catheters in the United States. CryoCor is without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 4 and therefore denies those allegations.

   5.  CryoCor denies the allegations of paragraph 5

   6.  CryoCor admits that it manufactures devices in California and that it sells devices in the United States and internationally, including the European Union. CryoCor is without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 6 and therefore denies those allegations.

7.      CryoCor admits its sales include sales through distributors in Italy and the United Kingdom. CryoCor denies all other allegations of Paragraph 7.

### Jurisdiction And Venue

8.      CryoCor admits the allegations of paragraph 8.

9.      The allegation of paragraph 9 that CryoCor "has regularly transacted and continues to regularly transact business" in this district is so vague and ambiguous as to prevent CryoCor to frame a response and on that basis CryoCor denies the same. CryoCor denies all other allegations of Paragraph 9.

10.     Paragraph 10 is a question of law to which no response is required.

11.     Paragraph 11 is a question of law to which no response is required.

12.     Paragraph 12 is a question of law to which no response is required.

13.     Paragraph 13 is a question of law to which no response is required.

### CryoCath's United States Patents

14.     CryoCor admits the allegations of paragraph 14.

15.     CryoCor is without sufficient knowledge or information to admit or deny the allegation of paragraph 15 and therefore denies the allegation of this paragraph.

16.     CryoCor denies the allegations of paragraph 16.

17.     CryoCor denies the allegations of paragraph 17.

18.     CryoCor is without sufficient knowledge or information to admit or deny the allegation of paragraph 18 and therefore denies the allegation of this paragraph.

19.     CryoCor admits the allegations of paragraph 19.

20.     CryoCor is without sufficient knowledge or information to admit or deny the allegation of paragraph 20 and therefore denies the allegation of this paragraph.

21.    CryoCor denies the allegations of paragraph 21.

22.    CryoCor denies the allegations of paragraph 22.

23.    CryoCor is without sufficient knowledge or information to admit or deny the allegation of paragraph 23 and therefore denies the allegation of this paragraph.

24.    CryoCor admits the allegations of paragraph 24.

25.    CryoCor is without sufficient knowledge or information to admit or deny the allegation of paragraph 25 and therefore denies the allegation of this paragraph.

26.    CryoCor denies the allegations of paragraph 26.

27.    CryoCor denies the allegations of paragraph 27.

28.    CryoCor is without sufficient knowledge or information to admit or deny the allegation of paragraph 28 and therefore denies the allegation of this paragraph.

29.    CryoCor admits the allegations of paragraph 29.

30.    CryoCor is without sufficient knowledge or information to admit or deny the allegation of paragraph 30 and therefore denies the allegation of this paragraph.

31.    CryoCor denies the allegations of paragraph 31.

32.    CryoCor denies the allegations of paragraph 32.

33.    CryoCor is without sufficient knowledge or information to admit or deny the allegation of paragraph 33 and therefore denies the allegation of this paragraph.

34.    CryoCor admits the allegations of paragraph 34.

35.    CryoCor is without sufficient knowledge or information to admit or deny the allegation of paragraph 35 and therefore denies the allegation of this paragraph.

36.    CryoCor denies the allegations of paragraph 36.

37.    CryoCor denies the allegations of paragraph 37.

38.    CryoCor is without sufficient knowledge or information to admit or deny the allegation of paragraph 38 and therefore denies the allegation of this paragraph.

39.    CryoCor admits the allegations of paragraph 39.

40.    CryoCor is without sufficient knowledge or information to admit or deny the allegation of paragraph 40 and therefore denies the allegation of this paragraph.

41.    CryoCor denies the allegations of paragraph 41.

42.    CryoCor denies the allegations of paragraph 42.

43.    CryoCor is without sufficient knowledge or information to admit or deny the allegation of paragraph 43 and therefore denies the allegation of this paragraph.

44.    CryoCor admits the allegations of paragraph 44.

45.    CryoCor is without sufficient knowledge or information to admit or deny the allegation of paragraph 45 and therefore denies the allegation of this paragraph.

46.    CryoCor denies the allegations of paragraph 46.

47.    CryoCor denies the allegations of paragraph 47.

48.    CryoCor is without sufficient knowledge or information to admit or deny the allegation of paragraph 48 and therefore denies the allegation of this paragraph.

49.    CryoCor admits the allegations of paragraph 49.

50.    CryoCor is without sufficient knowledge or information to admit or deny the allegation of paragraph 50 and therefore denies the allegation of this paragraph.

51.    CryoCor denies the allegations of paragraph 51.

52.    CryoCor denies the allegations of paragraph 52.

53.    CryoCor is without sufficient knowledge or information to admit or deny the allegation of paragraph 53 and therefore denies the allegation of this paragraph.

**Relevant CryoCor Publications and Other Conduct**

54.     CryoCor admits that prior to June 27, 2007, it prepared an "FDA Executive Summary" for a meeting of the Circulatory Systems Device Panel of the U.S. FDA. CryoCor is without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 54 and therefore denies those allegations.

55.     CryoCor admits that it prepared a paper called "A Pivotal Clinical Study To Evaluate The Safety And Efficacy Of The CryoCor Cardiac Cryoablation System For The Treatment Of Cavo-Tricuspid Valve Isthmus Dependent Atrial Flutter." CryoCor is without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 55 and therefore denies those allegations.

56.     CryoCor admits that it prepared a document entitled "Draft: Summary of Safety and Effectiveness Data related to its regulatory submissions." CryoCor is without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 56 and therefore denies those allegations.

57.     CryoCor admits that it prepared instructions for using its devices, including a "CryoCor$^{TM}$ Cardiac Cryoablation System Instructions for Use Manual." CryoCor is without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 57 and therefore denies those allegations.

58.     CryoCor admits that it prepared instructions for using its devices, including an ""Instructions for Use CryoCor$^{TM}$ CryoBlator$^{TM}$ 10F Cryoablation Catheter Model 1205, 1207." CryoCor is without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 58 and therefore denies those allegations.

59.     The allegation of paragraph 59 that CryoCor "has prepared other instructions for

using the accused devices" is so vague and ambiguous as to prevent CryoCor to frame a response and on that basis CryoCor denies the same.

60.     CryoCor admits that on or about June 27, 2007, CryoCor's then Chief Medical Officer, Helen S. Barold, M.D., M.P.H. presented a slide show called "CryoCor$^{TM}$ Cardiac Cryoablation System for the Treatment of Cavo-Tricuspid Valve Isthmus-Dependent Atrial Flutter." CryoCor is without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 60 and therefore denies those allegations.

61.     CryoCor admits that it maintains a website at the domain cryocor.com. CryoCor is without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 61 and therefore denies those allegations.

62.     CryoCor admits the allegations of paragraph 62.

63.     CryoCor admits the allegations of paragraph 63.

64.     CryoCor denies the allegations of paragraph 64.

65.     CryoCor denies the allegations of paragraph 65.

66.     CryoCor denies the allegations of paragraph 66.

67.     CryoCor is without sufficient knowledge or information to admit or deny the allegations of paragraph 67 and therefore denies those allegations.

68.     CryoCor is without sufficient knowledge or information to admit or deny the allegations of paragraph 68 and therefore denies those allegations.

## Count I – Infringement of CryoCath's U.S. Patent No. 7,207,986

69.     CryoCor incorporates its answers to paragraphs 1-68 as though restated herein their entirety.

70.     CryoCor denies the allegations of paragraph 70.

71.    CryoCor admits the allegations of paragraph 71.

72.    CryoCor denies the allegations of paragraph 72.

73.    CryoCor denies the allegations of paragraph 73.

74.    CryoCor denies the allegations of paragraph 74.

75.    CryoCor denies the allegations of paragraph 75.

76.    CryoCor denies the allegations of paragraph 76.

77.    CryoCor denies the allegations of paragraph 77.

## Count II – Infringement of CryoCath's U.S. Patent No. 6,635,053

78.    CryoCor incorporates its answers to paragraphs 1-68 as though restated herein in their entirety.

79.    CryoCor denies the allegations of paragraph 79.

80.    CryoCor admits the allegations of paragraph 80.

81.    CryoCor denies the allegations of paragraph 81.

82.    CryoCor denies the allegations of paragraph 82.

83.    CryoCor denies the allegations of paragraph 83.

84.    CryoCor denies the allegations of paragraph 84.

85.    CryoCor denies the allegations of paragraph 85.

86.    CryoCor denies the allegations of paragraph 86.

## Count III – Infringement of CryoCath's U.S. Patent No. 6,592,577

87.    CryoCor incorporates its answers to paragraphs 1-68 as though restated herein in their entirety.

88.    CryoCor denies the allegations of paragraph 88.

89.    CryoCor admits the allegations of paragraph 89.

90.     CryoCor denies the allegations of paragraph 90.

91.     CryoCor denies the allegations of paragraph 91.

92.     CryoCor denies the allegations of paragraph 92.

93.     CryoCor denies the allegations of paragraph 93.

94.     CryoCor denies the allegations of paragraph 94.

95.     CryoCor denies the allegations of paragraph 95.

### Count IV – Infringement of CryoCath's U.S. Patent No. 6,887,234

96.     CryoCor incorporates its answers to paragraphs 1-68 as though restated herein in their entirety.

97.     CryoCor denies the allegations of paragraph 97.

98.     CryoCor admits the allegations of paragraph 98.

99.     CryoCor denies the allegations of paragraph 99.

100.    CryoCor denies the allegations of paragraph 100.

101.    CryoCor denies the allegations of paragraph 101.

102.    CryoCor denies the allegations of paragraph 102.

103.    CryoCor denies the allegations of paragraph 103.

104.    CryoCor denies the allegations of paragraph 104.

### Count V – Infringement of CryoCath's U.S. Patent No. 6,746,445

105.    CryoCor incorporates its answers to paragraphs 1-68 as though restated herein in their entirety.

106.    CryoCor denies the allegations of paragraph 106.

107.    CryoCor admits the allegations of paragraph 107.

108.    CryoCor denies the allegations of paragraph 108.

109.    CryoCor denies the allegations of paragraph 109.

110.    CryoCor denies the allegations of paragraph 110.

111.    CryoCor denies the allegations of paragraph 111.

112.    CryoCor denies the allegations of paragraph 112.

113.    CryoCor denies the allegations of paragraph 113.

### Court VI – Infringement of CryoCath's U.S. Patent No. 6,569,158

114.    CryoCor incorporates its answers to paragraphs 1-68 as though restated herein in their entirety.

115.    CryoCor denies the allegations of paragraph 115.

116.    CryoCor admits the allegations of paragraph 116.

117.    CryoCor denies the allegations of paragraph 117.

118.    CryoCor denies the allegations of paragraph 118.

119.    CryoCor denies the allegations of paragraph 119.

120.    CryoCor denies the allegations of paragraph 120.

121.    CryoCor denies the allegations of paragraph 121.

122.    CryoCor denies the allegations of paragraph 122.

### Court VII – Infringement of CryoCath's U.S. Patent No. 7,318,821

123.    CryoCor incorporates its answers to paragraphs 1-68 as though restated herein in their entirety.

124.    CryoCor denies the allegations of paragraph 124.

125.    CryoCor admits the allegations of paragraph 125.

126.    CryoCor denies the allegations of paragraph 126.

127.    CryoCor denies the allegations of paragraph 127.

128.    CryoCor denies the allegations of paragraph 128.

129.    CryoCor denies the allegations of paragraph 129.

130.    CryoCor denies the allegations of paragraph 130.

131.    CryoCor denies the allegations of paragraph 131.

### Court VIII – Infringement of CryoCath's U.S. Patent No. 7,303,554

132.    CryoCor incorporates its answers to paragraphs 1-68 as though restated herein in their entirety.

133.    CryoCor denies the allegations of paragraph 133.

134.    CryoCor admits the allegations of paragraph 134.

135.    CryoCor denies the allegations of paragraph 135.

136.    CryoCor denies the allegations of paragraph 136.

137.    CryoCor denies the allegations of paragraph 137.

138.    CryoCor denies the allegations of paragraph 138.

139.    CryoCor denies the allegations of paragraph 139.

140.    CryoCor denies the allegations of paragraph 140.

### Count IX – Willful Patent Infringement

141.    CryoCor incorporates its answers to paragraphs 1-140 as though restated herein in their entirety.

142.    CryoCor denies the allegations of paragraph 142.

143.    The allegations of paragraph 143 are so vague and ambiguous as to prevent CryoCor to frame a response and on that basis CryoCor denies the same.

144.    CryoCor denies the allegations of paragraph 144.

145.    CryoCor denies the allegations of paragraph 145.

146.    CryoCor denies the allegations of paragraph 146.

147.    CryoCor denies the allegations of paragraph 147.

### Jury Trial

148.    No response by CryoCor to paragraph 148 is required.

### DEFENSES

Further responding to the Complaint, CryoCor alleges as follows:

### Defense No. 1

#### (No cause of action)

149.    The allegations fail to state a claim against CryoCor upon which relief can be granted.

### Defense No. 2

#### (Invalidity)

150.    U.S. Patent Nos. 7,207,986, 6,635,053, 6,592,577, 6,887,234, 6,746,445, 6,569,158, 7,318,821 and 7,303,554 (collectively the "patents in suit") are invalid for failing to meet one or more of the requirements of Title 35 of the United States Code, including §§ 102, 103 and/or 112.

### Defense No. 3

#### (Estoppel)

151.    CryoCath, by its conduct and the conduct of its owners, employees, and agents, are legally and /or equitably estopped to assert its claims, or other rights against CryoCor.

## Defense No. 4

### (Unclean Hands)

152.    CryoCath is barred by the equitable doctrine of unclean hands from obtaining the relief requested.

## Defense No. 5

### (No Costs)

153.    CryoCath is barred by 35 U.S.C. § 288 from recovering any costs associated with this suit.

## Defense No. 6

### (No Infringement)

154.    CryoCor has not and is not infringing, contributing to or inducing the infringement of any valid and enforceable claim of the patents in suit, either literally or under the doctrine of equivalents.

## Defense No. 7

### (Prosecution History Estoppel)

155.    Statements, representations, and admissions made to the U.S. Patent and Trademark Office (PTO) during the prosecution of the applications which matured into the patents in suit, and in related applications, as well as the prior art, estop CryoCath from asserting that any valid claims of the patents in suit encompass or are infringed by any product or activities of CryoCor.

## Defense No. 8

### (Unenforceability of U.S. Patent No. 7,207,986)

156.    On information and belief, CryoCath and/or the named inventors of U.S. Patent

No. 7,207,986 (the '986 patent) (Marwan Abboud, Rachid Mahrouche, Jean-Pierre Lalonde and Dan Wittenberger) and/or the U.S. patent prosecution attorney(s) that prosecuted the '986 patent (collectively "CryoCath") were aware, during the pendency of the patent application that issued as the '986 patent, of information material to the patentability of the application and purposely withheld the information from the PTO with an intent to deceive the PTO.

157.    CryoCath had a duty to disclose information material to the patentability of the '986 patent pursuant to, e.g., 37 C.F.R. § 1.56 but failed to disclose material information of which it was aware including, e.g., U.S. Patent Nos. 5,423,807, 6,468,268, 5,899,898, and 6,569,158.

158.    On information and belief, during the prosecution of the '986 patent, CryoCath knew of U.S. Patent No. 5,423,807 because CryoCath disclosed it to the PTO in an Information Disclosure Statement during the prosecution of CryoCath's 6,468,268 patent on November 1, 2001. In addition, U.S. Patent No. 5,423,807 was assigned to CryoCath on or before September 16, 1999.

159.    On information and belief, CryoCath knew of U.S. Patent No. 6,468,268 because it was assigned to CryoCath on or before June 2, 2000.

160.    On information and belief, CryoCath knew of U.S. Patent No. 5,899,898 because it was assigned to CryoCath on or before February 27, 1997.

161.    On information and belief, CryoCath knew of U.S. Patent No. 6,569,158 because it was assigned to CryoCath on or before June 5, 2000.

162.    U.S. Patent Nos. 5,423,807, 6,468,268, 5,899,898, and 6,569,158 are material to patentability as they, e.g., teach material limitations of the '986 patent claims and provide information inconsistent with positions taken by CryoCath before the PTO.

163. The '986 patent is unenforceable under the doctrine of inequitable conduct because of the improper conduct of CryoCath during the prosecution of the application that eventually issued as the '986 patent, including their failure to comply with the Rules of the PTO including, but not limited to, 37 C.F.R. § 1.56. As demonstrated by the allegations set forth above, CryoCath made material misrepresentations to the PTO by omitting material prior art and other material information in their communications with the PTO and/or by intentionally making misleading statements to the PTO. In doing so, on information and belief, CryoCath violated their duty of candor and good faith to the PTO with intent to mislead or deceive, or with willful and reckless disregard for the truth, all for the purpose of causing the PTO to act in reliance thereon and to issue the '986 patent.

## Defense No. 9

### (Unenforceability of U.S. Patent No. 6,569,158)

164. On information and belief, CryoCath and/or the named inventors of U.S. Patent No. 6,569,158 (the '158 patent) (Marwan Abboud, Johnny Al Asmar and John W. Lehmann) and/or the U.S. patent prosecution attorney(s) that prosecuted the '158 patent (collectively "CryoCath") were aware, during the pendency of the patent application that issued as the '158 patent, of information material to the patentability of the application and purposely withheld the information from the PTO with an intent to deceive the PTO.

165. CryoCath had a duty to disclose information material to the patentability of the '158 patent pursuant to, e. g., 37 C.F.R. § 1.56 but failed to disclose material information of which it was aware including, e. g., U.S. Patent Nos. 3,823,575, 5,423,807 and 5,674,218.

166. On information and belief, during the prosecution of the '158 patent, CryoCath knew of U.S. Patent No. 3,823,575 because CryoCath disclosed it to the PTO in an Information

Disclosure Statement during the prosecution of CryoCath's 6,468,268 patent on July 14, 2000.

167.    On information and belief, during the prosecution of the '158 patent, CryoCath knew of U.S. Patent No. 5,423,807 because CryoCath disclosed it to the PTO in an Information Disclosure Statement during the prosecution of CryoCath's 6,468,268 patent on November 1, 2001. In addition, U.S. Patent No. 5,423,807 was assigned to CryoCath on or before September 16, 1999.

168.    On information and belief, during the prosecution of the '158 patent, CryoCath knew of U.S. Patent No. 5,674,218 because CryoCath disclosed it to the PTO in an Information Disclosure Statement during the prosecution of CryoCath's 6,468,268 patent on April 24, 2000.

169.    U.S. Patent Nos. 3,823,575, 5,423,807 and 5,674,218 are material to patentability as they, e.g., teach material limitations of the '158 patent claims and provide information inconsistent with positions taken by CryoCath before the PTO.

170.    The '158 patent is unenforceable under the doctrine of inequitable conduct because of the improper conduct of CryoCath during the prosecution of the application that eventually issued as the '158 patent, including their failure to comply with the Rules of the PTO including, but not limited to, 37 C.F.R. § 1.56. As demonstrated by the allegations set forth above, CryoCath made material misrepresentations to the PTO by omitting material prior art and other material information in their communications with the PTO and/or by intentionally making misleading statements to the PTO. In doing so, on information and belief, CryoCath violated their duty of candor and good faith to the PTO with intent to mislead or deceive, or with willful and reckless disregard for the truth, all for the purpose of causing the PTO to act in reliance thereon and to issue the '158 patent.

## Defense No. 10

## (Unenforceability of U.S. Patent No. 6,635,053)

171.    On information and belief, CryoCath and/or the named inventors of U.S. Patent No. 6,635,053 (the '053 patent) (Jean-Pierre Lalonde, Marwan Abboud, Rachid Mahrouche and Dan Wittenberger) and/or the U.S. patent prosecution attorney(s) that prosecuted the '053 patent (collectively "CryoCath") were aware, during the pendency of the patent application that issued as the '053 patent, of information material to the patentability of the application and purposely withheld the information from the PTO with an intent to deceive the PTO.

172.    CryoCath had a duty to disclose information material to the patentability of the '158 patent pursuant to, e. g., 37 C.F.R. § 1.56 but failed to disclose material information of which it was aware including, e. g., U.S. Patent Nos. 6,468,268 and 6,569,158.

173.    On information and belief, during the prosecution of the '053 patent, CryoCath knew of U.S. Patent No. 6,468,268 because it was assigned to CryoCath on or before June 2, 2000.

174.    On information and belief, during the prosecution of the '053 patent, CryoCath knew of U.S. Patent No. 6,569,158 because it was assigned to CryoCath on or before June 5, 2000.

175.    U.S. Patent Nos. 6,468,268 and 6,569,158 are material to patentability as they, e.g., teach material limitations of the '053 patent claims and provide information inconsistent with positions taken by CryoCath before the PTO.

176.    The '053 patent is unenforceable under the doctrine of inequitable conduct because of the improper conduct of CryoCath during the prosecution of the application that eventually issued as the '053 patent, including their failure to comply with the Rules of the PTO

including, but not limited to, 37 C.F.R. § 1.56. As demonstrated by the allegations set forth above, CryoCath made material misrepresentations to the PTO by omitting material prior art and other material information in their communications with the PTO and/or by intentionally making misleading statements to the PTO. In doing so, on information and belief, CryoCath violated their duty of candor and good faith to the PTO with intent to mislead or deceive, or with willful and reckless disregard for the truth, all for the purpose of causing the PTO to act in reliance thereon and to issue the '053 patent.

### Defense No. 11

### (Unenforceability of U.S. Patent No. 6,592,577)

177.    On information and belief, CryoCath and/or the named inventors of U.S. Patent No. 6,592,577 (the '577 patent) (Jean-Pierre Lalonde, Marwan Abboud, Rachid Mahrouche and Dan Wittenberger) and/or the U.S. patent prosecution attorney(s) that prosecuted the '577 patent (collectively "CryoCath") were aware, during the pendency of the patent application that issued as the '577 patent, of information material to the patentability of the application and purposely withheld the information from the PTO with an intent to deceive the PTO.

178.    CryoCath had a duty to disclose information material to the patentability of the '158 patent pursuant to, e. g., 37 C.F.R. § 1.56 but failed to disclose material information of which it was aware including, e. g., U.S. Patent Nos. 6,468,268 and 6,569,158.

179.    On information and belief, during the prosecution of the '577 patent, CryoCath knew of U.S. Patent No. 6,468,268 because it was assigned to CryoCath on or before June 2, 2000.

180.    On information and belief, during the prosecution of the '577 patent, CryoCath knew of U.S. Patent No. 6,569,158 because it was assigned to CryoCath on or before June 5,

2000.

181.    U.S. Patent Nos. 6,468,268 and 6,569,158 are material to patentability as they, e.g., teach material limitations of the '577 patent claims and provide information inconsistent with positions taken by CryoCath before the PTO.

182.    The '577 patent is unenforceable under the doctrine of inequitable conduct because of the improper conduct of CryoCath during the prosecution of the application that eventually issued as the '577 patent, including their failure to comply with the Rules of the PTO including, but not limited to, 37 C.F.R. § 1.56. As demonstrated by the allegations set forth above, CryoCath made material misrepresentations to the PTO by omitting material prior art and other material information in their communications with the PTO and/or by intentionally making misleading statements to the PTO. In doing so, on information and belief, CryoCath violated their duty of candor and good faith to the PTO with intent to mislead or deceive, or with willful and reckless disregard for the truth, all for the purpose of causing the PTO to act in reliance thereon and to issue the '577 patent.

### Defense No. 12

### (Unenforceability of U.S. Patent No. 6,746,445)

183.    On information and belief, CryoCath and/or the named inventors of U.S. Patent No. 6,746,445 (the '445 patent) (Marwan Abboud, Domenic Santoianni and Philippe Marchand) and/or the U.S. patent prosecution attorney(s) that prosecuted the '445 patent (collectively "CryoCath") were aware, during the pendency of the patent application that issued as the '445 patent, of information material to the patentability of the application and purposely withheld the information from the PTO with an intent to deceive the PTO.

184.    CryoCath had a duty to disclose information material to the patentability of the

18

'445 patent pursuant to, e.g., 37 C.F.R. § 1.56 but failed to disclose material information of which it was aware including, e.g., U.S. Patent No. 5,807,391 and PCT Publication WO92/04872.

185.   On information and belief, during the prosecution of the '445 patent, CryoCath knew of U.S. Patent No. 5,807,391 because CryoCath disclosed it to the PTO in an Information Disclosure Statement during the prosecution of CryoCath's 6,635,053 patent on April 10, 2002.

186.   On information and belief, during the prosecution of the '445 patent, CryoCath knew of PCT Publication WO92/04872 because CryoCath disclosed it to the PTO in an Information Disclosure Statement during the prosecution of CryoCath's 6,635,053 patent on April 10, 2002.

187.   U.S. Patent No. 5,807,391 and PCT Application No. WO92/04872 are material to patentability as they, e.g., teach material limitations of the '445 patent claims and provide information inconsistent with positions taken by CryoCath before the PTO.

188.   The '445 patent is unenforceable under the doctrine of inequitable conduct because of the improper conduct of CryoCath during the prosecution of the application that eventually issued as the '445 patent, including their failure to comply with the Rules of the PTO including, but not limited to, 37 C.F.R. § 1.56. As demonstrated by the allegations set forth above, CryoCath made material misrepresentations to the PTO by omitting material prior art and other material information in their communications with the PTO and/or by intentionally making misleading statements to the PTO. In doing so, on information and belief, CryoCath violated their duty of candor and good faith to the PTO with intent to mislead or deceive, or with willful and reckless disregard for the truth, all for the purpose of causing the PTO to act in reliance thereon and to issue the '445 patent.

**Defense No. 13**

**(Unenforceability of U.S. Patent No. 6,887,234)**

189.    On information and belief, CryoCath and/or the named inventors of U.S. Patent No. 6,887,234 (the '234 patent) (Marwan Abboud, Johnny Al Asmar and Jean-Pierre Lalonde) and/or the U.S. patent prosecution attorney(s) that prosecuted the '234 patent (collectively "CryoCath") were aware, during the pendency of the patent application that issued as the '234 patent, of information material to the patentability of the application and purposely withheld the information from the PTO with an intent to deceive the PTO.

190.    CryoCath had a duty to disclose information material to the patentability of the '234 patent pursuant to, e.g., 37 C.F.R. § 1.56 but failed to disclose material information of which it was aware including, e.g., U.S. Patent No. 5,807,391 and PCT Publication No. WO0101049.

191.    On information and belief, during the prosecution of the '234 patent, CryoCath knew of U.S. Patent No. 5,807,391 and PCT Publication No. WO0101049 because CryoCath disclosed them to the PTO in an Information Disclosure Statement during the prosecution of CryoCath's 6,135,053 patent on April 15, 2002.

192.    U.S. Patent No. 5,807,391 and PCT Publication No. WO0101049 are material to patentability as they, e.g., teach material limitations of the '234 patent claims and provide information inconsistent with positions taken by CryoCath before the PTO.

193.    The '234 patent is unenforceable under the doctrine of inequitable conduct because of the improper conduct of CryoCath during the prosecution of the application that eventually issued as the '234 patent, including their failure to comply with the Rules of the PTO including, but not limited to, 37 C.F.R. § 1.56. As demonstrated by the allegations set forth

above, CryoCath made material misrepresentations to the PTO by omitting material prior art and other material information in their communications with the PTO and/or by intentionally making misleading statements to the PTO.  In doing so, on information and belief, CryoCath violated their duty of candor and good faith to the PTO with intent to mislead or deceive, or with willful and reckless disregard for the truth, all for the purpose of causing the PTO to act in reliance thereon and to issue the '234 patent.

### Defense No. 14

### (Unenforceability of U.S. Patent No. 7,318,821)

194.    On information and belief, CryoCath and/or the named inventors of U.S. Patent No. 7,318,821 (the '821 patent) (Jean-Pierre Lalonde, Marwan Abboud, Rachid Mahrouche) and/or the U.S. patent prosecution attorney(s) that prosecuted the '821 patent (collectively "CryoCath") were aware, during the pendency of the patent application that issued as the '821 patent, of information material to the patentability of the application and purposely withheld the information from the PTO with an intent to deceive the PTO.

195.    CryoCath had a duty to disclose information material to the patentability of the '821 patent pursuant to, e.g., 37 C.F.R. § 1.56 but failed to disclose material information of which it was aware including, e.g., U.S. Patent Nos. 6,468,268 and 6,569,158.

196.    On information and belief, during the prosecution of the '821 patent, CryoCath knew of U.S. Patent No. 6,468,268 because it was assigned to CryoCath on or before June 2, 2000.  CryoCath also knew of U.S. Patent No. 6,569,158 because it was assigned to CryoCath on or before June 5, 2000.

197.    U.S. Patent Nos. 6,468,268 and 6,569,158 are material to patentability as they, e.g., teach material limitations of the '821 patent claims and provide information inconsistent

with positions taken by CryoCath before the PTO.

198.   The '821 patent is unenforceable under the doctrine of inequitable conduct because of the improper conduct of CryoCath during the prosecution of the application that eventually issued as the '821 patent, including their failure to comply with the Rules of the PTO including, but not limited to, 37 C.F.R. § 1.56. As demonstrated by the allegations set forth above, CryoCath made material misrepresentations to the PTO by omitting material prior art and other material information in their communications with the PTO and/or by intentionally making misleading statements to the PTO. In doing so, on information and belief, CryoCath violated their duty of candor and good faith to the PTO with intent to mislead or deceive, or with willful and reckless disregard for the truth, all for the purpose of causing the PTO to act in reliance thereon and to issue the '821 patent.

## COUNTERCLAIMS

CryoCor hereby files this Counterclaim for declaratory judgment.

### Parties, Jurisdiction and Venue

1.    Counter-claimant CryoCor is a corporation organized and existing under the laws of the State of Delaware and has a principal place of business at 9717 Pacific Heights Boulevard, San Diego, California, 92121.

2.    On information and belief, Counter-defendant CryoCath is a corporation organized and existing under the laws of Quebec, Canada and has its principal place of business at 16771 Chemin Ste-Marie, Kirkland, Quebec, H9H 5H3, Canada.

3.    This court has jurisdiction under 28 U.S.C. § 1331 and 1338(a), the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202 and under the patent laws of the United States 35 U.S.C. § 101 et. seq.

4.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because CryoCath has consented to this venue by bringing suit in this district.

### COUNT 1:

### (Declaratory Judgment of Non-Infringement, Invalidity and Unenforceability of U.S. Patent No. 7,207,986)

5.    CryoCor incorporates by reference the allegations set forth in paragraphs 1-4 of this Counterclaim as though set forth herein in their entirety.

6.    CryoCath alleges that it owns U.S. Patent No. 7,207,986 (the '986 patent). CryoCath has alleged that CryoCor is infringing, induced others to infringe, or contributed to the infringement of the '986 Patent.

7.    CryoCor denies that it has infringed, induced infringement of, or contributed to

the infringement of any valid claim of the '986 patent.

8.    On information and belief, CryoCath has alleged that the claims of the '986 patent are valid.

9.    CryoCor alleges that the claims of the '986 patent are invalid for failing to satisfy one or more of the conditions of patentability set forth in, inter alia, 35 U.S.C. §§ 102, 103, and 112.

10.    On information and belief, CryoCath has alleged that the claims of the '986 patent are enforceable.

11.    CryoCor alleges that the claims of the '986 patent are unenforceable.

12.    There exists, therefore, an actual and justicable controversy between CryoCor and CryoCath with respect to the infringement, validity and enforceability of the claims of the '986 Patent.

**COUNT 2:**

**(Declaratory Judgment of Non-Infringement, Invalidity and Unenforceability of U.S.**

**Patent No. 6,635,053)**

13.    CryoCor incorporates by reference the allegations set forth in paragraphs 1-4 of this Counterclaim as though set forth herein in their entirety.

14.    CryoCath alleges that it owns U.S. Patent No. 6,635,053 (the '053 patent). CryoCath has alleged that CryoCor is infringing, induced others to infringe, or contributed to the infringement of the '053 Patent.

15.    CryoCor denies that it has infringed, induced infringement of, or contributed to the infringement of any valid claim of the '053 patent.

16.    On information and belief, CryoCath has alleged that the claims of the '053 patent

are valid.

17.    CryoCor alleges that the claims of the '053 patent are invalid for failing to satisfy one or more of the conditions of patentability set forth in, inter alia, 35 U.S.C. §§ 102, 103, and 112.

18.    On information and belief, CryoCath has alleged that the claims of the '053 patent are enforceable.

19.    CryoCor alleges that the claims of the '053 patent are unenforceable.

20.    There exists, therefore, an actual and justicable controversy between CryoCor and CryoCath with respect to the infringement, validity and enforceability of the claims of the '053 Patent.

### COUNT 3

### (Declaratory Judgment of Non-Infringement, Invalidity and Unenforceability of U.S. Patent No. 6,592,577)

21.    CryoCor incorporates by reference the allegations set forth in paragraphs 1-4 of this Counterclaim as though set forth herein in their entirety.

22.    CryoCath alleges that it owns U.S. Patent No. 6,592,577 (the '577 patent). CryoCath has alleged that CryoCor is infringing, induced others to infringe, or contributed to the infringement of the '577 Patent.

23.    CryoCor denies that it has infringed, induced infringement of, or contributed to the infringement of any valid claim of the '577 patent.

24.    On information and belief, CryoCath has alleged that the claims of the '577 patent are valid.

25.    CryoCor alleges that the claims of the '577 patent are invalid for failing to satisfy

one or more of the conditions of patentability set forth in, inter alia, 35 U.S.C. §§ 102, 103, and 112.

26.     On information and belief, CryoCath has alleged that the claims of the '577 patent are enforceable.

27.     CryoCor alleges that the claims of the '577 patent are unenforceable.

28.     There exists, therefore, an actual and justicable controversy between CryoCor and CryoCath with respect to the infringement, validity and enforceability of the claims of the '577 Patent.

## COUNT 4

### (Declaratory Judgment of Non-Infringement, Invalidity and Unenforceability of U.S. Patent No. 6,887,234)

29.     CryoCor incorporates by reference the allegations set forth in paragraphs 1-4 of this Counterclaim as though set forth herein in their entirety.

30.     CryoCath alleges that it owns U.S. Patent No. 6,887,234 (the '234 patent). CryoCath has alleged that CryoCor is infringing, induced others to infringe, or contributed to the infringement of the '234 Patent.

31.     CryoCor denies that it has infringed, induced infringement of, or contributed to the infringement of any valid claim of the '234 patent.

32.     On information and belief, CryoCath has alleged that the claims of the '234 patent are valid.

33.     CryoCor alleges that the claims of the '234 patent are invalid for failing to satisfy one or more of the conditions of patentability set forth in, inter alia, 35 U.S.C. §§ 102, 103, and 112.

34.    On information and belief, CryoCath has alleged that the claims of the '234 patent are enforceable.

35.    CryoCor alleges that the claims of the '234 patent are unenforceable.

36.    There exists, therefore, an actual and justicable controversy between CryoCor and CryoCath with respect to the infringement, validity and enforceability of the claims of the '234 Patent.

## COUNT 5

### (Declaratory Judgment of Non-Infringement, Invalidity and Unenforceability of U.S.

### Patent No. 6,746,445)

37.    CryoCor incorporates by reference the allegations set forth in paragraphs 1-4 of this Counterclaim as though set forth herein in their entirety.

38.    CryoCath alleges that it owns U.S. Patent No. 6,746,445 (the '445 patent). CryoCath has alleged that CryoCor is infringing, induced others to infringe, or contributed to the infringement of the '445 Patent.

39.    CryoCor denies that it has infringed, induced infringement of, or contributed to the infringement of any valid claim of the '445 patent.

40.    On information and belief, CryoCath has alleged that the claims of the '445 patent are valid.

41.    CryoCor alleges that the claims of the '445 patent are invalid for failing to satisfy one or more of the conditions of patentability set forth in, inter alia, 35 U.S.C. §§ 102, 103, and 112.

42.    On information and belief, CryoCath has alleged that the claims of the '445 patent are enforceable.

43.    CryoCor alleges that the claims of the '445 patent are unenforceable.

44.    There exists, therefore, an actual and justicable controversy between CryoCor and CryoCath with respect to the infringement, validity and enforceability of the claims of the '445 Patent.

## COUNT 6

### (Declaratory Judgment of Non-Infringement, Invalidity and Unenforceability of U.S. Patent No. 6,569,158)

45.    CryoCor incorporates by reference the allegations set forth in paragraphs 1-4 of this Counterclaim as though set forth herein in their entirety.

46.    CryoCath alleges that it owns U.S. Patent No. 6,569,158 (the '158 patent). CryoCath has alleged that CryoCor is infringing, induced others to infringe, or contributed to the infringement of the '158 Patent.

47.    CryoCor denies that it has infringed, induced infringement of, or contributed to the infringement of any valid claim of the '158 patent.

48.    On information and belief, CryoCath has alleged that the claims of the '158 patent are valid.

49.    CryoCor alleges that the claims of the '158 patent are invalid for failing to satisfy one or more of the conditions of patentability set forth in, inter alia, 35 U.S.C. §§ 102, 103, and 112.

50.    On information and belief, CryoCath has alleged that the claims of the '158 patent are enforceable.

51.    CryoCor alleges that the claims of the '158 patent are unenforceable.

52.    There exists, therefore, an actual and justicable controversy between CryoCor and

CryoCath with respect to the infringement, validity and enforceability of the claims of the '158 Patent.

## COUNT 7

### (Declaratory Judgment of Non-Infringement, Invalidity and Unenforceability of U.S. Patent No. 7,318,821)

53.     CryoCor incorporates by reference the allegations set forth in paragraphs 1-4 of this Counterclaim as though set forth herein in their entirety.

54.     CryoCath alleges that it owns U.S. Patent No. 7,318,821 (the '821 patent). CryoCath has alleged that CryoCor is infringing, induced others to infringe, or contributed to the infringement of the '821 Patent.

55.     CryoCor denies that it has infringed, induced infringement of, or contributed to the infringement of any valid claim of the '821 patent.

56.     On information and belief, CryoCath has alleged that the claims of the '821 patent are valid.

57.     CryoCor alleges that the claims of the '821 patent are invalid for failing to satisfy one or more of the conditions of patentability set forth in, inter alia, 35 U.S.C. §§ 102, 103, and 112.

58.     On information and belief, CryoCath has alleged that the claims of the '821 patent are enforceable.

59.     CryoCor alleges that the claims of the '821 patent are unenforceable.

60.     There exists, therefore, an actual and justicable controversy between CryoCor and CryoCath with respect to the infringement, validity and enforceability of the claims of the '821 Patent.

## COUNT 8

### (Declaratory Judgment of Non-Infringement and Invalidity of U.S. Patent No. 7,303,554)

61.     CryoCor incorporates by reference the allegations set forth in paragraphs 1-4 of this Counterclaim as though set forth herein in their entirety.

62.     CryoCath alleges that it owns U.S. Patent No. 7,303,554 (the '554 patent). CryoCath has alleged that CryoCor is infringing, induced others to infringe, or contributed to the infringement of the '554 Patent.

63.     CryoCor denies that it has infringed, induced infringement of, or contributed to the infringement of any valid claim of the '554 patent.

64.     On information and belief, CryoCath has alleged that the claims of the '554 patent are valid.

65.     CryoCor alleges that the claims of the '554 patent are invalid for failing to satisfy one or more of the conditions of patentability set forth in, inter alia, 35 U.S.C. §§ 102, 103, and 112.

66.     There exists, therefore, an actual and justicable controversy between CryoCor and CryoCath with respect to the infringement and validity of the claims of the '554 Patent.

### PRAYER FOR RELIEF

WHEREFORE, CryoCor respectfully requests that:

A.     CryoCath's Complaint be dismissed, with prejudice, and CryoCath's requests for relief be denied entirely;

B.     U.S. Patent Nos. 7,207,986; 6,635,053; 6,592,577; 6,746,445; 6,569,158, 6,887,234, and 7,318,821 be declared (a) not infringed, (b) invalid, and (c) unenforceable and that U.S. Patent No. 7,303,554 be declared not infringed and invalid;

C.      CryoCath be enjoined from asserting that CryoCor, its officers, agents, representatives, stockholders and/or customers infringe, contributorily infringe or induce infringement of any of the claims of U.S. Patent Nos. 7,207,986; 6,635,053; 6,592,577; 6,746,445; 6,569,158, 6,887,234, 7,318,821 and 7,303,554;

D.      CryoCath be enjoined from bringing suit against any officers, agents, representatives, stockholders and/or customers alleging that they infringe, contributorily infringe or induce infringement of any of the claims of U.S. Patent Nos. 7,207,986; 6,635,053; 6,592,577; 6,746,445; 6,569,158, 6,887,234, 7,318,821 and 7,303,554;

E.      This case be declared as exceptional under 35 U.S.C. § 285 and CryoCor be awarded its reasonable attorneys' fees;

F.      CryoCor be awarded its costs of suit and an assessment of interest, including prejudgment interest; and

G.      CryoCor has such other, further, and different relief as the court deems proper under the circumstances.

## DEMAND FOR JURY TRIAL

Pursuant to the Federal Rules of Civil Procedure, CryoCor respectfully requests trial by

jury.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Howard N. Wisnia
James P. Conley
BAKER & MCKENZIE LLP
12544 High Bluff Drive, Third Floor
San Diego, CA 92130
Tel: (858) 523-6230

Dated: March 11, 2008
854126 / 32371

By: */s/ David E. Moore*
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, DE 19801
    Tel: (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

*Attorneys for Defendant*
*CryoCor, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on March 11, 2008, the attached document was

electronically filed with the Clerk of the Court using CM/ECF which will send notification to the

registered attorney(s) of record that the document has been filed and is available for viewing and

downloading.

John G. Day
Lauren E. Maguire
Ashby & Geddes
500 Delaware Avenue, 8th Floor
Wilmington, DE 19801

Jason R. Buratti
Jeffrey L. Kamenetsky
Joseph R. Englander
Christopher & Weisberg, P.A.
200 East Las Olas Boulevard
Suite 2040
Fort Lauderdale, FL  33301

By:  */s/ David E. Moore*
     Richard L. Horwitz
     David E. Moore
     Hercules Plaza, 6th Floor
     1313 N. Market Street
     Wilmington, Delaware 19899-0951
     (302) 984-6000
     rhorwitz@potteranderson.com
     dmoore@potteranderson.com

835681 / 32371